UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMETRIO QUINTERO,<br><br>    Plaintiff,<br><br>v.<br><br>MARIPOSA COUNTY SCHOOL DISTRICT, KRISTIE DUNBAR, ELDON HENDERSON, JUDY EPPLER, JOE CARDOSO, KIMBERLY FORSYTHE-ALLISON, SUE CARTER, JAY FOWLER, DAVID NARANJO,<br><br>    Defendants. | 1:11-cv-00839 AWI GSA<br><br>**ORDER DISMISSING PLAINTIFF'S COMPLAINT WITH LEAVE TO AMEND**<br><br>(Document 2) |

**INTRODUCTION**

Plaintiff filed a complaint[1] on May 23, 2011, naming the Mariposa County School District and the following individuals as Defendants: Kristie Dunbar, Eldon Henderson, Judy Eppler, Joe Cardoso, Kimberly Forsythe-Allison, Sue Carter, Jay Fowler and David Naranjo. (Doc. 2.)

---

[1] The document is not entitled "Complaint," however, because pro se pleadings are to be liberally construed, the Court interprets Plaintiff's filing to be a complaint.

1

On May 26, 2011, this Court issued an order granting Plaintiff's application to proceed without payment of fees and advised Plaintiff that his complaint would be screened in due course. (Doc. 4.) For the reasons that follow, Plaintiff's complaint will be dismissed, with leave to amend, because it fails to state cognizable claims.

## DISCUSSION

### A.   *Screening Standard*

"Notwithstanding any filing fee, or any portion thereof, that may have been paid," the Court shall dismiss a case at any time if it determines that the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). *See also Omar v. Sea-Land Service, Inc.*, 813 F.2d 986, 991 (9th Cir. 1987); *Wong v. Bell*, 642 F.2d 359, 361-62 (9th Cir. 1981).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . .." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusion are not. *Id*. at 1949.

If the Court determines that the complaint fails to state a claim, leave to amend should be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the Plaintiff cannot prevail on the facts that he has alleged and that an opportunity to amend would be futile. *Lopez*, at 1128.

A claim is frivolous if it lacks an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 324, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). A frivolous claim is based on an inarguable legal conclusion or a fanciful factual allegation. *Id.* A federal court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or if the factual contentions are clearly baseless. *Id.*

The Court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. V. Trustees of Rex Hospital*, 425 U.S. 738, 740 (1976), construe the pro se pleadings liberally in the light most favorable to the Plaintiff, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

A pleading may not simply allege a wrong has been committed and demand relief. The underlying requirement is that a pleading give "fair notice" of the claim being asserted and the "grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47-48 (1957); *Yamaguchi v. United States Department of Air Force*, 109 F.3d 1475, 1481 (9th Cir. 1997).

**B.**   *Rule 8(a)*

As Rule 8(a) of the Federal Rules of Civil Procedure states, a complaint must contain "a short and plain statement of the claim." The rule expresses the principle of notice-pleading, whereby the pleader need only give the opposing party fair notice of a claim. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Rule 8(a) does not require an elaborate recitation of every fact a plaintiff may ultimately rely upon at trial, but only a statement sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Id*. at 47.

Plaintiff will be given an opportunity to amend his complaint to comply with Rule 8(a). As noted above, an elaborate recitation of the facts is not required.

//
//
//
//

**C.     *Discussion***

Federal courts are courts of limited jurisdiction and lack inherent or general subject matter jurisdiction. Federal courts can adjudicate only those cases authorized by the United States Constitution and Congress. Generally, those cases involve diversity of citizenship or a federal question, or cases in which the United States is a party. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 114 S.Ct. 1673, 1677 (1994); *Finley v. United States*, 490 U.S. 545, 109 S.Ct. 2003, 2008 (1989). Federal courts are presumptively without jurisdiction over civil actions, and the burden to establish the contrary rests on the party asserting jurisdiction. *Kokkonen*, 511 U.S. at 377. Lack of subject matter jurisdiction is never waived and may be raised by the Court sua sponte. *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996). "Nothing is to be more jealously guarded by a court than its jurisdiction. Jurisdiction is what its power rests upon. Without jurisdiction it is nothing." *In re Mooney*, 841 F.2d 1003, 1006 (9th Cir. 1988).

Here, Plaintiff's complaint lacks any specific reference to either a diversity of citizenship amongst the parties (and on the face, it would appear all parties are residents of California) or a claim arising under a federal question.

Plaintiff must clearly identify which federal constitutional and/or statutory rights he alleges have been violated by the Defendants with specificity. The Court cannot be expected to guess what claims Plaintiff intended to make against which defendants. As a result, Plaintiff has failed to establish that this Court has jurisdiction over his action.

The Court does note that Plaintiff indicated on the Civil Cover Sheet filed simultaneously with his complaint that the basis for this Court's jurisdiction was that the United States government was the Plaintiff. (Doc. 1, § II [Basis of Jurisdiction].) That is clearly not the case. He also indicated that the parties were citizens of California (Doc. 1, § III [Citizenship of Principal Parties]). Thus, it appears this Court does not have diversity jurisdiction. Under section four entitled "Nature of Suit," Plaintiff checked the box for "Civil Rights - 440 Other

Civil Rights." (*See* Doc. 1.) Finally, Plaintiff referenced "Title 42 US Code section 1983" under section six entitled "Cause of Action." (*See* Doc. 1.)

In light of the Civil Cover Sheet, and despite the lack of specifics in the complaint, the Court provides the following legal standards for Plaintiff's consideration.

### 1.      Title 42 of the United States Code section 1983

The Civil Rights Act provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  Thus, to state a claim under Title 42 of the United States Code section 1983,[2] a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006).

Moreover, section 1983 requires that there be an actual connection or link between the actions of defendant and the deprivation allegedly suffered. *See Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976).  The Ninth Circuit Court of Appeals has held that "a person 'subjects' another to deprivation of constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Here, Plaintiff's complaint refers to several bid proposals he submitted to the Mariposa County School District ("MCSD") in an effort to obtain contracts with the school district to provide officiating for its various sporting events.  It appears that despite a number of proposals submitted since the year 2007, as well as a change in leadership during the time frame in question, MCSD has elected to award contracts to other firms or parties for those purposes.

---

[2] All further statutory references are to Title 42 of the United States Code unless otherwise indicated.

5

Plaintiff does not allege that he entered into a contract with MCSD to provide officiating duties. (*See* Doc. 1 at 1-6.)

First, Plaintiff has failed to identify which Defendants acted under color of state law. The caption of Plaintiff's complaint includes MCSD and the names of eight other individuals. However, in the body of the complaint, only MCSD and Defendants Carter and Naranjo are identified. There is no indication whatsoever how the remaining Defendants are even implicated. Plaintiff cannot simply name various individuals as Defendants and not explain how those individuals acted under color of state law. Therefore, Plaintiff will be given an opportunity to amend his complaint accordingly.

Next, Plaintiff's complaint vaguely references racial discrimination, to wit: "I was left out for three years in a row . . . as a minority and Native American Indian" and "they wanted to keep it between the groups who are white." (*See* Doc. 2 at 7.) Again, his complaint fails to even identify what actions each Defendant allegedly took to deprive him of his civil rights. These references do not specifically reference *any* named Defendant.

Further, Plaintiff is advised that a local government unit may not be held liable for the acts of its employees under a respondeat superior theory. *Monell*, 436 U.S. at 691; *Davis v. Mason County*, 927 F.2d 1473, 1480 (9th Cir. 1991), *cert. denied*, 502 U.S. 899 (1991); *Thompson v. City of Los Angeles*, 885 F.2d 1439, 1443 (9th Cir. 1989). Because liability of a local governmental unit must rest on its actions, not the actions of its employees, a plaintiff must go beyond the respondeat superior theory and demonstrate the alleged constitutional violation was the product of a policy or custom of the local governmental unit. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385, 109 S.Ct. 1197 (1989); *Pembaur v. City of Cincinnati*, 475 U.S. 469, 478-480, 106 S.Ct. 1292 (1986).

A "rule or regulation promulgated, adopted, or ratified by a local governmental entity's legislative body unquestionably satisfies *Monell*'s policy requirements." *Thompson*, 885 F.2d at 1443. Official policy may derive from "a decision properly made by a local governmental

entity's authorized decisionmaker – i.e., an official who possesses final authority to establish [local government] policy with respect to the [challenged] action." *Thompson*, 885 F.2d at 1443 (internal quotation marks omitted).  "Only if a plaintiff shows that his injury resulted from a 'permanent and well-settled' practice may liability attach for injury resulting from a local government custom." *Thompson*, 885 F.2d at 1444.  "[O]fficial policy must be the moving force of the constitutional violation in order to establish the liability of a government body under § 1983."  *Polk County v. Dodson*, 454 U.S. 312, 326 (1981) (internal quotation marks omitted); *see Rizzo*, 423 U.S. at 370-377 (general allegation of administrative negligence fails to state a constitutional claim cognizable under § 1983).  Plaintiff must show that the statements alleged amount to a policy or custom of MCSD that deprived him of a civil right.  A plaintiff must also show that "the defendants acted in a discriminatory manner and that the discrimination was intentional." *See Reese v. Jefferson Sch. Dist. No. 14J*, 208 F.3d 736, 740 (9th Cir. 2000).

Plaintiff is reminded that a pleading may not simply allege a wrong has been committed and demand relief.  It must give "fair notice" of the claim being asserted and the "grounds upon which it rests." *Conley v. Gibson*, 355 U.S. at 47-48; *Yamaguchi v. United States Department of Air Force*, 109 F.3d at 1481.  Nevertheless, Plaintiff will be provided an opportunity to amend his complaint to state a cognizable claim or claims in accordance with the legal standard provided above.

**2.     Title 42 of the United States Code section 1981**

If Plaintiff intended to present a claim for discrimination in a non-employment contract, he may do so. *Lindsey v. SLT Los Angeles, LLC,*, 447 F.3d 1138, 1144 (9th Cir. 2006.)  Plaintiff should address the following elements required for such a claim: (1) that he is a member of a racial minority; (2) that Defendant or Defendants intended to discriminate against him on the basis of race; and (3) that the discrimination concerned one or more of the activities enumerated in the statute (i.e., the right to make and enforce contracts).

7

If Plaintiff can assert such a claim - because as previously noted by the Court the complaint does not allege any contract was made - he should amend his complaint accordingly.

### 3. Title 42 of the United States Code section 2000e-2(a)

To the degree Plaintiff intended to present a claim for racial discrimination by an employer, Plaintiff is advised that such a claim may be brought pursuant to Title 42 of the United States Code section 2000e-2(a).

Although it does *not* appear from his complaint that Plaintiff was employed by MCSD, the Court provides the following information out of an abundance of caution.

In order to state a claim for racial discrimination in an employment situation pursuant to this statute, Plaintiff must show that (1) he belongs to a protected class, (2) he was qualified for the position, (3) he was subjected to an adverse employment action, and (4) similarly situated individuals were treated more favorably. *See St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 506, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993); *Aragon v. Republic Silver State Disposal, Inc.*, 292 F.3d 654, 658 (9th Cir. 2002). As previously indicated, Plaintiff will be provided an opportunity to amend his complaint, if he can properly do so.

### D. *Issues of Standing*

Next, the Court notes that at times Plaintiff's complaint asserts personal violations, yet at other times, it appears Plaintiff may be seeking relief for other individuals who have purportedly been wronged by MCSD. (Doc. 1 at 4-5 [references to other entities or individuals who were either not paid by the contracted officiating agency or who were also unsuccessful bidders].)

Standing requires that a plaintiff "show that [he] suffered an injury in fact, there was a causal connection between the injury and the conduct complained of, and the injury is likely to be redressed by a favorable decision." *Davis v. Yageo Corp.*, 481 F.3d 661, 673 (9th Cir. 2007) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61, 112 S.Ct. 2130, 2136 (1992)).

In other words, Plaintiff cannot represent the legal interests of others as he has no standing to do so.[3]

### E. *Miscellaneous*

#### Self Representation

Finally, the Court encourages Plaintiff to consider seeking the assistance of an attorney to represent his interests in this matter. Given the number of parties involved and the potential number of claims Plaintiff intends to assert, this matter will likely be complicated to litigate for a party not trained in the law. Nonetheless, Plaintiff is entitled to represent himself and may continue to do so if he so chooses.

Plaintiff is cautioned that "[a]ny individual representing himself or herself without an attorney is bound by the Federal Rules of Civil . . . Procedure, these [Local] Rules, and all other applicable law. All obligations placed on 'counsel' by these Rules apply to individuals appearing *in propria persona*. Failure to comply therewith may be grounds for dismissal, judgment by default, or any other sanction appropriate under these rules." Local Rule 183.

## CONCLUSION

For the reasons given above, Plaintiff's complaint is DISMISSED WITH LEAVE TO AMEND. **Plaintiff's first amended complaint is due within thirty (30) days of the date of service of this order. If Plaintiff fails to file a first amended complaint, the Court will recommend that this action be dismissed for failure to follow a court order.**

Plaintiff is cautioned that an amended complaint supercedes the original complaint, and must be "complete in itself without reference to the prior or superceded pleading." *See Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987); Local Rule 220. Plaintiff is warned that "[a]ll causes of action alleged in an original

---

[3] Although a non-attorney may appear in propria persona in his or her own behalf, that privilege is personal to him. *McShane v. United States*, 366 F.2d 286, 288 (9th Cir. 1966). "A litigant appearing in propria persona has no authority to represent anyone other than himself." *Russell v. United States*, 308 F.2d 78, 79 (9th Cir. 1962). Non-attorney litigants may not represent others. *Johns v. County of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997); *Church of the New Testament v. U.S.*, 783 F.2d 771, 774 (9th Cir. 1986).

complaint which are not alleged in an amended complaint are waived." *King*, 814 F.2d at 567, citing to *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981); *accord Forsyth*, 114 F.3d at 1474.

IT IS SO ORDERED.

Dated:   **June 6, 2011**                              /s/ **Gary S. Austin**
                                                        UNITED STATES MAGISTRATE JUDGE