# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMETRIO QUINTERO, | 1:11-cv-00839 AWI GSA |
| Plaintiff, | **ORDER DISMISSING PLAINTIFF'S FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND** |
| v. | |
| MARIPOSA COUNTY SCHOOL DISTRICT, et al., | (Document 6) |
| Defendants. | |

## INTRODUCTION

Plaintiff filed a complaint on May 23, 2011, naming the Mariposa County School District and the following individuals as Defendants: Kristie Dunbar, Eldon Henderson, Judy Eppler, Joe Cardoso, Kimberly Forsythe-Allison, Sue Carter, Jay Fowler and David Naranjo. (Doc. 2.) The Court construed Plaintiff to assert claims arising under Title 42 of the United States Code sections 1981, 1983 and 2000e-2(a). On June 6, 2011, this Court issued an order dismissing Plaintiff's complaint, and granting him leave to amend. (Doc. 5)

1

On July 1, 2011, Plaintiff filed a First Amended Complaint ("FAC").[1] In addition to the Defendants named in the original complaint,[2] Plaintiff has added Mariposa High School[3] and Vicki Bustos as named Defendants.  The FAC asserts claims arising under Title 42 of the United States Code section 1981, 1983, 1985 and 1986.  It also asserts state law claims arising under the California Business and Professions, Public Contract, and Education Codes.  (Doc. 6.)  Generally speaking, Plaintiff's complaint alleges racially discriminatory attitudes and conduct by school officials that have purportedly prevented him from equal access to sports officiating contracts over a period of time.  (*See* Doc. 6 at 7-13.)

## DISCUSSION[4]

### *The FAC is Unsigned*

Plaintiff has failed to sign the FAC.  Unsigned documents cannot be considered by the Court.  *See* Fed. R. Civ. P. 11(a); Local Rule 131(b).  Because Plaintiff will be given a final opportunity to amend his complaint as outlined herein, the Court elects not strike the entire pleading for Plaintiff's failure to sign the document.  However, Plaintiff is instructed that any amended complaint will not be considered unless it is signed.

//

//

---

[1] This Court notes that in the caption of the FAC, Plaintiff is identified as "James M. Lanier," rather than Demetrio A. Quintero.  (Doc. 6 at 1.)  Nevertheless, despite the fact Plaintiff appears to have employed another pro se party's complaint as a template, it is obvious Plaintiff Demetrio A. Quintero is the Plaintiff in this action rather than James M. Lanier.

[2] It appears Sue Carter is no longer a named Defendant in the FAC.

[3] Plaintiff added Mariposa High School as a named Defendant in the FAC's caption, but the entity is never referenced again in the FAC.  The Court's references to MCSD also pertain to Mariposa High School for purposes of this Order.

[4] While in the "Nature of the Case" portion of the FAC, found at page two, Plaintiff states the "action is also brought pursuant to Title VI of the Civil Rights Act of 1964 (42 U.S.C. § 2000d, et seq.) for exclusion from participation in, denial of benefits of, and discrimination under federally assisted programs on the basis of race," Plaintiff failed to present a separate claim pursuant to Title 42 of the United States Code section 2000d, *et seq*.  Merely referencing the statute in the preliminary or introductory portion of the FAC is insufficient.

2

*Jurisdiction*

In the FAC, Plaintiff contends jurisdiction arising under Title 28 of the United States Code sections 1331 and 1343, and also under section 1346 "because the United States of America is a party." (Doc. 6 at 3-4.)

Jurisdiction is proper pursuant to sections 1331 and 1343 of Title 28 of the United States Code because Plaintiff has asserted claims arising under the Constitution and laws of the United States. However, as Plaintiff was expressly and previously advised, the United States is *not* a party to this action. (*See* Doc. 5 at 4.) Therefore, jurisdiction does not arise under that provision.

*Plaintiff's Federal Claims*

    **1.**    *Section 1981 of Title 42 of the United States Code*

Plaintiff's first claim, against all Defendants, asserts allegations arising under section 1981 of Title 42 of the United States Code. (Doc. 6 at 13-17.)

Title 42 of the United States Code section 1981 provides as follows:

> **Equal rights under the law**
> (a) Statement of equal rights
> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.
> (b) "Make and enforce contracts" defined
> For purposes of this section the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.
> (c) Protection against impairment
> The rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law.

    **2.**    *Section 1983 of Title 42 of the United States Code*

Plaintiff asserts a civil rights claim against all Defendants. (Doc. 6 at 17.) The Civil Rights Act provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights,

3

privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

### 3. *Section 1985 of Title 42 of the United States Code*

Plaintiff's FAC asserts a third claim against Defendants MCSD, Bustos, Naranjo and Fowler. (Doc. 6 at 17-19.)

Title 42 of the United States Code section 1985(3) provides as follows:

> **Depriving persons of rights or privileges**
> If two or more persons in any State or Territory conspire . . . for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws . . . in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so inured or deprived may have an action of the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

### 4. *Section 1986 of Title 42 of the United States Code*

The FAC asserts a fourth claim for relief against Defendants MCSD and its board members. (Doc. 6 at 19-20.)

Title 42 of the United States Code section 1986 states, in part:

> Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured . . . for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented . . . .

"Section 1986 authorizes a remedy against state actors who have negligently failed to prevent a conspiracy that would be actionable under [section] 1985." *Cerrato v. San Francisco Cmty. Coll. Dist.*, 26 F.3d 968, 971 n.7 (9th Cir. 1994).

//

//

**Eleventh Amendment Immunity Applies**

Plaintiff's FAC expressly asserts the MCSD board members "are being sued in their official capacities, and not as individuals . . .." (Doc. 6 at 6.)

The Eleventh Amendment of the United States Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State or by Citizens or Subjects of any Foreign State." The Eleventh Amendment prohibits federal courts from hearing suits brought against a state by its own citizens or citizens of other states. *Brooks v. Sulphur Springs Valley Elec. Coop.*, 951 F.2d 1050, 1053 (9th Cir. 1991). "[A]bsent waiver by the State or valid congressional override, the Eleventh Amendment bars a damages action against a State in federal court." *Kentucky v. Graham*, 473 U.S. 159, 169 (1985). "Although the exact limits of the Eleventh Amendment are difficult to determine, it is clear that the Eleventh Amendment prohibits actions for damages against state agencies when Congress has failed to express a contrary intent." *Belanger v. Madera Unified School Dist.*, 963 F.2d 248, 250 (9th Cir. 1992). In *Mitchell v. Los Angeles Community College Dist.*, 861 F.2d 198, 201 (9th Cir. 1988), the Ninth Circuit set out a five-factor test to determine whether an agency is a state agency for Eleventh Amendment purposes and has repeatedly held that, because of the funding relationship that exists between California schools and the State of California, public school districts and their subdivisions are, in fact, state agencies for Eleventh Amendment purposes. *See, e.g., id.*; *Belanger*, 963 F.2d at 254-255; *Jackson v. Hayakawa*, 682 F.2d 1344, 1350-1351 (9th Cir. 1982) ("trustees are an arm of the state that can claim Eleventh Amendment immunity").

Further, the United States Supreme Court has held that Title 42 of the United States Code section 1983 "was not intended to abrogate a State's Eleventh Amendment immunity." *Kentucky v. Graham*, 473 U.S. at 169, n.17. Although it could in theory abrogate its own Eleventh Amendment immunity for purposes of such suits, California has not done so. *See Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 241 (1985) (holding California Constitution does not

waive immunity from federal court jurisdiction); *Dittman v. State of California*, 191 F.3d 1020, 1025-1026 (9th Cir. 1999). The Ninth Circuit has applied Eleventh Amendment immunity in a similar manner to claims against state agencies pursuant to Title 42 of the United States Code sections 1981 and 1985. *See Mitchell v. Los Angeles Community College Dist.*, 861 F.2d at 201; *see also Cerrato v. San Francisco Community College Dist.*, 26 F.3d 968, 975 (9th Cir. 1994) (Eleventh Amendment immunity bars claimed against state agency pursuant to §§ 1985 & 1986).

MCSD is a public school district in California, and thus, it is an arm of the state, and is shielded from suit in federal court under the Eleventh Amendment, as are its board members. Therefore, Plaintiff cannot state cognizable claims pursuant to sections 1981, 1983, 1985 and 1986 of Title 42 of the United State Code against the MCSD board members in their official capacities because such claims are barred by the Eleventh Amendment.

Because pro se plaintiffs must "be given an opportunity to amend their complaint unless it is absolutely clear that the deficiencies in the complaint could not be cured by amendment" (*Franklin v. Murphy*, 745 F.2d 1221, 1228 n.9 (9th Cir. 1984)), Plaintiff will be given an opportunity amend his complaint to name the MCSD board members in their individual capacities, if he so chooses.

*Pendent State Law Claims*

Plaintiff's FAC asserts a fifth claim, which is variously comprised of Plaintiff's contentions that Defendants MCSD and its board members violated the California Education Code section 220, the California Public Contract Code sections 100 through 102, and the California Business and Professions Code section 17200, *et seq*. (Doc. 6 at 20-22.)

**1.    California Education Code section 220**

Plaintiff contends MCSD is a public school district subject to the statute, and that its board members have "the duty and obligation to conduct" its business. He contends the board members breached their duties by "waiving all their rights to obtain a contract, by awarding the 2007 officiating contract to NCOA . . . [and] CCOG . . ., and by failing to investigate and correct

6

race discrimination" as alleged by Plaintiff from 2007 through 2010.  (Doc. 6 at 20-21.)

California Education Code section 220 states as follows:

> No person shall be subjected to discrimination on the basis of disability, gender, nationality, race or ethnicity, religion, sexual orientation, or any other characteristic that is contained in the definition of hate crimes set forth in Section 422.55 of the Penal Code in any program or activity conducted by an educational institution that receives, or benefits from, state financial assistance or enrolls pupils who receive state student financial aid.

### 2.     California Public Contract Code sections 100-102

Plaintiff asserts that MCSD and its board members have "a duty and obligation to conduct the business of MCSD according to the [California] Public Contract Code," and that the board members breached their duty "by allowing the 2007[ through 2011] RFP to contain restrictive provisions requiring bidders to waive all rights to obtain a contract, by awarding [those contracts] to . . . NCOA . . . [and] CCOG and by failing to investigate and correct the race discrimination acts complained of by Plaintiff . . .."  (Doc. 6 at 21.)

The California Public Contract Code provides, in relevant part, as follows:

> The legislature finds and declares that placing all public contract law in one code will make the law clearer and easier to find.  Further, it is the intent of the Legislature in enacting this code to achieve the following objectives:
>   (a) To clarify the law with respect to competitive bidding requirements.
>   (b) To ensure full compliance with competitive bidding statutes as a means of protecting the public from misuse of public funds.
>   (c) To provide all qualified bidders with a fair opportunity to enter the bidding process, thereby stimulating competition in a manner conducive to sound fiscal practices.
>   (d) To eliminate favoritism, fraud, and corruption in the awarding of public contracts.

Cal. Pub. Con. Code, § 100.  "California public contract law should be efficient and the product of the best of modern practice and research."  Cal. Pub. Con. Code, § 101.  And,

> [t]o encourage competition for public contracts and to aid public officials in the efficient administration of public contracting, to the maximum extent possible, for similar work performed for similar agencies, California's public contract law should be uniform.

Cal. Pub. Con. Code, § 102.

7

3.     **California Business and Professions Code section 17200, *et seq*.**

Plaintiff asserts that MCSD and its board members have "a duty and obligation to conduct the business of MCSD according to the [California] Business and Professions Code" sections 17200, *et seq*. Plaintiff asserts this is so because the board members breached their duty by "requiring bidders to waive all their rights to obtain a contract, by awarding the 2007 officiating contract to NCOA/CCOG, and by failing to investigate and correct the race discrimination acts complained of by Plaintiff . . .." (Doc. 6 at 21-22.)

California Business and Professions Code section 17200, *et seq.*, is a statutory scheme that prohibits "unlawful, unfair or fraudulent business act or practice." *Saunders v. Superior Court*, 27 Cal.App.4th 832, 838, 33 Cal.Rptr.2d 548 (1999) (prohibits "unlawful" practices "forbidden by law, be it civil or criminal, federal, state, or municipal, statutory, regulatory, or court-made"). "Unfair" means "conduct that threatens an incipient violation of an antitrust law, or violates the policy or spirit of one of those laws because its effects are comparable to or the same as a violation of the law, or otherwise specifically threatens or harms competition." *Cel-Tech Communications v. L.A. Cellular Tel. Co.*, 20 Cal.4th 163, 187, 83 Cal.Rptr.2d 548, 973 P.2d 527 (1999). The "fraudulent" prong requires plaintiff to "show deception to some members of the public, or harm to the public interest." *Watson Laboratories, Inc. v. Thone-Poulenc Rorer, Inc.*, 178 F.Supp.2d 1099, 1121 (C.D. Cal. 2001). A complaint based on an unfair business practice may be predicated on a single act; the statute does not require a pattern of unlawful conduct. *United Farm Workers of Am., AFL-CIO v. Dutra Farms*, 83 Cal.App.4th 1146, 1163, 100 Cal.Rptr.2d 251 (2000); *Brewer v. Indymac Bank*, 609 F.Supp.2d 1104, 1122 (E.D. Cal. 2009).

### *Jurisdiction of Plaintiff's State Law Claims*

As previously noted, as a public school district MCSD is an arm of the state and is therefore shielded from suit in federal court pursuant to the Eleventh Amendment. Moreover, as the Northern District court declared:

> [B]oth the [United States] Supreme Court and the Ninth Circuit have made clear that the rationale for Eleventh Amendment immunity applies with particular force to state law claims. *See Gilbreath v. Cutter Biological, Inc.*, 931 F.2d 1320, 1326 (9th Cir. 1991) (dismissing state law claims against state defendants on Eleventh Amendment grounds and stating that "'it is difficult to think of a greater intrusion on state sovereignty than when federal courts instruct state officials on how to conform their conduct to state law'" (quoting *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89 (1984).

*O.H. v. Oakland Unified School District*, 2000 WL 33376299 (N.D. Cal. Apr. 17, 2000) at *4.

Thus, for the same reasons discussed above with regard to Plaintiff's four federal claims, as drafted the FAC's fifth claim (comprised of three state law claims) is also barred by the Eleventh Amendment against MCSD and its board members. Because this Court will provide Plaintiff with a final opportunity to amend his complaint with regard to the four federal claims, Plaintiff will also be given a final opportunity to amend his complaint regarding this fifth claim, should he elect to do so.

Further, Plaintiff shall keep in mind that supplemental jurisdiction is a doctrine of discretion, not of right. *City of Chicago v. International College of Surgeons*, 522 U.S. 156, 172 (1997). The Court may decline to exercise supplemental jurisdiction over a claim if it raises a novel or complex issue of state law, substantially predominated over the claim or claims over which the district court has original jurisdiction, the district court has dismissed all claims over which it had original jurisdiction, or, in exceptional circumstances, there are other compelling reasons for declining jurisdiction. 28 U.S.C. § 1367(c). It is within the discretion of the district court, once no federal causes of action remain, to determine whether to dismiss the remaining claims. 28 U.S.C. § 1367(c)(3); *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966); *Nishimoto v. Federman-Bachrach & Associates*, 903 F.2d 709, 715 (9th Cir. 1990).

Thus, unless Plaintiff's second amended complaint states cognizable federal causes of action, it is likely that this could would recommend that the district court decline to exercise supplemental jurisdiction over any remaining state claims.

**CONCLUSION AND ORDER**

For the reasons given above, Plaintiff's FAC is DISMISSED WITH LEAVE TO AMEND.  **Plaintiff's second amended complaint is due within thirty (30) days of the date of service of this order.  If Plaintiff fails to file a second amended complaint, the Court will recommend that this action be dismissed for failure to follow a court order.**

Again, Plaintiff is cautioned that an amended complaint supercedes the original complaint, and must be "complete in itself without reference to the prior or superceded pleading." *See Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987); Local Rule 220.  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King*, 814 F.2d at 567, citing to *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981); *accord Forsyth*, 114 F.3d at 1474.

IT IS SO ORDERED.

Dated:  October 26, 2011                        /s/ Gary S. Austin
                                                               UNITED STATES MAGISTRATE JUDGE