# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMETRIO QUINTERO, | 1:11-cv-00839 AWI GSA |
| Plaintiff, | **ORDER GRANTING DEFENDANT'S MOTION TO COMPEL DISCOVERY AND AWARD OF SANCTIONS** |
| v. | |
| MARIPOSA COUNTY SCHOOL DISTRICT, et al. | (Document 31) |
| Defendants. | |

## RELEVANT PROCEDURAL BACKGROUND

Plaintiff Demetrio Quintero filed his original complaint on May 23, 2011. (Doc. 2.) Following screening procedures by the Court, on December 1, 2011, Plaintiff filed his second amended complaint ("SAC"). (Doc. 9.) In an order dated December 9, 2011, the Court clarified that Plaintiff's SAC was proceeding on its single viable claim, to wit: a violation of section 2000d of Title 42 of the United States Code[1] (and clarifying that his causes of action pertaining

---

[1] "No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C.A. § 2000d.

1

1  to sections 1981, 1983, 1985 and 1985 of that same code, as well as the state law claims, had
2  been dismissed previously).  (Doc. 11.)
3       On February 23, 2011, Defendant Mariposa County United School District ("MCUSD")
4  filed a motion to dismiss.  (Doc. 14.)  Plaintiff filed an opposition on March 12, 2012 (Doc. 20)
5  and Defendant filed its reply on March 21, 2012 (Doc. 23).  On May 24, 2012, this Court issued
6  its order denying MCUSD's motion.  (Doc. 25.)
7       An initial scheduling conference was held June 4, 2012, and a scheduling order issued the
8  following day, setting forth the relevant deadlines and pertinent dates applicable to this matter.
9  (*See* Docs. 27 & 28.)
10       On August 28, 2012, MCUSD filed a motion compel discovery.  (Doc. 31.)  Plaintiff filed
11  an opposition to the motion on September 10, 2012 (Doc. 32), and MCUSD filed its reply on
12  September 21, 2012 (Doc. 33).  At the hearing on the motion heard September 25, 2012, Mr.
13  Quintero personally appeared on his own behalf; defense counsel Lara Marabito personally
14  appeared on behalf of MCUSD.  (Doc. 36.)

## DISCUSSION

### *Applicable Legal Standards*

The purpose of discovery is to make trial "less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent possible." *United States v. Procter & Gamble*, 356 U.S. 677, 683 (1958).  Discovery will also serve to narrow and clarify the issues in dispute.  *Hickman v. Taylor*, 329 U.S. 495, 501 (1947).

Rule 26 of the Federal Rules of Civil Procedure establishes the scope of discovery and states in pertinent part:

> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter.  For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.  Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

"The party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." *Oakes v. Halvorsen Marine Ltd.*, 179 F.R.D 281, 283 (C.D. Cal. 1998); *Nestle Foods Corp. v. Aetna Casualty & Surety Co.*, 135 F.R.D. 101, 104 (D. N.J. 1990).

*Analysis*

MCUSD seeks an order compelling Plaintiff to respond to its Request for Production of Documents ("RPD"), Set One. At the time MCUSD filed its motion, Plaintiff had failed to respond to the discovery request in any way and his responses were more than thirty days delinquent.

More particularly, MCUSD asserted it served its RPD on June 12, 2012, requiring a response no later than July 16, 2012. In the absence of any response, on July 17, 2012, MCUSD initiated meet and confer efforts; however, despite Plaintiff's repeated promises to produce responsive documents, he did not do so.

MCUSD also seeks sanctions from Plaintiff for his failure to produce any responses. At the time the motion was filed, MCUSD had incurred costs of $1,850 in legal fees related to the motion. It anticipated an additional $1,250 would be incurred reviewing and responding to any opposition and appearing at the hearing on the motion.[2]

In opposition to the motion, Plaintiff asserts he has "already fully complied" with the request. While Plaintiff did in fact provide MCUSD with a pleading entitled, "Production of Documents, Set One," he has not produced any *document* responsive to the request. Rather, Plaintiff treated the RPD as if it were an interrogatory by providing a written response to the request. Significantly also, Plaintiff's response is dated September 10, 2012, nearly sixty days late, and *after* MCUSD filed its motion.

---

[2] In its reply, MCUSD sought sanctions totaling $3,100 related to the motion.

Further, even were Plaintiff's pleading responsive to MCUSD's request, due to its untimeliness, Plaintiff is not entitled to any objection. Fed. R. Civ. P. 37(b)(2)(A)(ii). Therefore, to the degree his pleading objects to any request, Plaintiff is not entitled to assert any such objection.

Additionally, the pleading Plaintiff provided to MCUSD is not signed. Pursuant to Rule 26(g), "unless a signature is promptly supplied," the Court must strike the response.

Plaintiff seems to be under the impression that because he has fallen on hard times economically, this should excuse his failure to timely comply with MCUSD's request. While the Court certainly sympathizes with Plaintiff's position, Plaintiff is reminded that he chose to bring this litigation against MCUSD and to represent himself. In that regard, Plaintiff has previously been warned that he must comply with the Federal Rules of Civil Procedure, the Local Rules, and this Court's orders. Notably too, MCUSD is not *required* to grant Plaintiff an extension of time. In fact, if Defendant refused to extend the deadline for a response to its RPD, Plaintiff should have sought an extension from the Court, by way of a noticed motion, *before the deadline passed*.

Next, in response to a specific request by MCUSD to provide documents that evidence "medical treatment [he] received as a result of the damages" alleged - which include humiliation and embarrassment - Plaintiff contends in his opposition that "Medical records are personal." Nevertheless, by placing his mental state at issue, specifically contending he endured humiliation and embarrassment, thus such documentation must be produced.

Finally, the Court notes that is review of MCUSD's discovery request determined the request is relevant to Plaintiff's claims, as well as to MCUSD's defenses, and thus is proper.

//
//
//
//

**CONCLUSION AND ORDER**

In light of the foregoing, together with the rulings stated on the record during the proceedings held September 28, 2012, the Court ORDERS as follows:

1. MCUSD's motion to compel Plaintiff's response to its Request for Production of Document, Set One, is GRANTED. Plaintiff SHALL produce documents responsive to the request no later than 5:00 p.m. on October 10, 2012;

2. Plaintiff's pleading entitled "Production of Documents, Set One" dated September 10, 2012, is STRICKEN as non-responsive and unsigned; and,

3. Plaintiff SHALL pay monetary sanctions in the sum of $350.00 to Defendant MCUSD no later than November 30, 2012.

IT IS SO ORDERED.

Dated:   **October 9, 2012**                    **/s/ Gary S. Austin**
                                            UNITED STATES MAGISTRATE JUDGE