1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DEMETRIO QUINTERO, | ) | 1:11-cv-00839 AWI GSA |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER GRANTING DEFENDANT'S** |
| | ) | **MOTION TO COMPEL DISCOVERY** |
| MARIPOSA COUNTY SCHOOL | ) | **AND AWARD OF SANCTIONS** |
| DISTRICT, et al. | ) | |
| | ) | (Document 40) |
| Defendants. | ) | |
| | ) | |

## INTRODUCTION

Pending before the Court is Defendant, Mariposa County School District's ("MCUSD" or "Defendant") Motion Compel Discovery Responses.  (Doc. 40).   Plaintiff, Mr. Quintero ("Plaintiff") did not file an opposition to the motion.[1]  A hearing was held on January 11, 2013, Plaintiff personally appeared on his own behalf.  Defense counsel, Lara Marabito, personally appeared on behalf of MCUSD.  (Doc. 46).

*///*

---

[1]  On January 8, 2013, Plaintiff filed an untimely request for a continuance of the hearing.  This request was denied.  (Docs. 44 and 45).

1

**RELEVANT PROCEDURAL HISTORY**

Plaintiff filed his original complaint on May 23, 2011.  (Doc. 2.)  Following screening procedures by the Court, on December 1, 2011, Plaintiff filed his second amended complaint ("SAC").  (Doc. 9.)  In an order dated December 9, 2011, the Court clarified that Plaintiff's SAC was proceeding on its single viable claim, to wit: a violation of section 2000d of Title 42 of the United States Code[2] (and clarifying that his causes of action pertaining to sections 1981, 1983, 1985 and 1985 of that same code, as well as the state law claims, had been dismissed previously). (Doc. 11.)

An initial scheduling conference was held June 4, 2012, and a scheduling order issued the following day, setting forth the relevant deadlines and pertinent dates applicable to this matter. (Docs. 27 and 28).  In relevant part, the scheduling order required that initial disclosures be served no later than September 28, 2012.  The non-expert discovery deadline was set for January 4, 2013.

On August 28, 2012, Defendant filed a Motion to Compel discovery because Plaintiff had failed to provide any responses to Defendant's Request for Production of Documents Set One that was served on him on June 12, 2012. (Doc. 31).  In that motion, Defendant alleged that they attempted to obtain the discovery from Plaintiff on several occasions but to no avail.  After holding a hearing on that motion, this Court ordered that Plaintiff produce the requested documents no later than **October 10, 2012**, and required him to pay Defendant $350.00 in sanctions no later than **November 30, 2012**.

On December 6, 2012, Defendant filed the instant Motion to Compel on the basis that Plaintiff has not complied with the previous Court's order.  To date, Defendant contends Plaintiff has failed to produce responses to the Production of Document Request or pay the $350.00

---

[2] "No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance."  42 U.S.C.A. § 2000d.

monetary sanction imposed.  Additionally, Plaintiff has failed to produce his initial disclosures that were due on September 28, 2012, as well as respond to a Second Request for Production of Documents that Defendant served on him on October 23, 2012.  The responses to the most recent discovery demands due on November 27, 2012. These requests sought information related to the amount of Plaintiff's damages.

Defendant is requesting that Plaintiff be sanctioned in the amount of $7,283.00 to cover the costs of attempting to enforce this court's previous order, as well as for the cost of bringing this motion.  Defendant argues that it has been significantly prejudiced because its does not have any information regarding Plaintiff's alleged witnesses, the evidence to support his claim, or the damages he allegedly incurred.  Defendant has also requested a dismissal sanction under Fed. R. Civ. P. 37(b)(2)(A) because Plaintiff has exhibited bad faith and wilfully disobeyed a Court's order.

As noted above, Plaintiff did not file a response to Defendant's motion.  Instead, on January 4, 2013, he untimely filed a letter addressed to this Court making several accusations of misconduct against defense counsel including alleging that Defendant has not responded to his discovery requests.  Attached to the letter were several discovery requests that he contends he served on Defendant on December 31, 2012. (Doc. 43).  He alleges this is the second set of discovery requests that he served on Defendant.  This letter was stricken from the docket on the basis that it was improper ex parte communication. (Doc. 45).

Additionally, on January 4, 2012, Plaintiff filed a document entitled, "Motion to Continue."  In that document, he requested that the hearing set on Defendant's motion be continued for 90 days and that the discovery deadline which was set for January 4, 2013, be extended so that he can file motions to compel.  (Doc. 44).  This motion was denied without prejudice since Plaintiff had not responded to Defendant's Motion to Compel, and on the basis that the motion was improperly filed. (Doc. 45).  It was not served on opposing counsel and a hearing date was not properly calendared.

1    At the hearing, MCUSD reiterated its position and informed that Court that to date, it has

2    not received any discovery responses that complied with the Federal Rules of Civil Procedure.  It

3    did acknowledge that it has received three faxed documents from Plaintiff, however, it is unclear

4    how these documents relate to the requested discovery.  Defendant reiterated its request for

5    sanctions, specifically dismissal due to Plaintiff's failure to abide by this Court's orders and

6    follow the applicable rules of discovery. It also requested that it not be required to respond to

7    Plaintiff's discovery requests until the issue of his non-compliance has been resolved.

8    In response, Plaintiff argued that the three faxed documents are all the information that he

9    has about this case.  He contends that his response is in compliance with the Federal Rules of

10   Civil Procedure.

11                                        **DISCUSSION**

12   The purpose of discovery is to make trial "less a game of blind man's bluff and more a

13   fair contest with the basic issues and facts disclosed to the fullest practicable extent possible."

14   *United States v. Procter & Gamble*, 356 U.S. 677, 683 (1958).  Discovery will also serve to

15   narrow and clarify the issues in dispute.  *Hickman v. Taylor*, 329 U.S. 495, 501 (1947).

16   Rule 26 of the Federal Rules of Civil Procedure establishes the scope of discovery and

17   states in pertinent part:

18            Parties may obtain discovery regarding any matter, not privileged, that is
              relevant to the claim or defense of any party, including the existence, description,
19            nature, custody, condition, and location of any books, documents, or other
              tangible things and the identity and location of persons having knowledge of any
20            discoverable matter.  For good cause, the court may order discovery of any matter
              relevant to the subject matter involved in the action.  Relevant information need
21            not be admissible at trial if the discovery appears reasonably calculated to lead to
              the discovery of admissible evidence.
22

23   "The party who resists discovery has the burden to show that discovery should not be

24   allowed, and has the burden of clarifying, explaining, and supporting its objections." *Oakes v.*

25   *Halvorsen Marine Ltd.*, 179 F.R.D 281, 283 (C.D. Cal. 1998); *Nestle Foods Corp. v. Aetna*

26   *Casualty & Surety Co.*, 135 F.R.D. 101, 104 (D. N.J. 1990).

27

28                                            4

Fed. R. Civ. P. 26(a) requires that the parties serve opposing counsel in the action with initial disclosures.  A party is not excused from making its disclosures because it has not fully investigated the case or because it challenges the sufficiency of another party's disclosures.  Fed. R. Civ. R. 26(a)(1)(E).   Pursuant to the Scheduling Conference Order, the deadline for serving the initial disclosures was September 28, 2012.  Additionally, Fed. R. Civ. P. 34(b)(2)(B) requires that parties answering requests for production of documents "either state that inspection and related activities will be permitted as requested, or state an objection to the request including the reasons" in each response.

The Court may order sanctions "[i]f a party, after being properly served with ... a request for inspection under Rule 34, fails to serve its answers, objections or written response."  Fed. R. Civ. P. 37(d)(1)(A)(ii).   "A failure described in Rule 37(d)(1)(A) is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c)." Fed. R.Civ.P. 37(d)(2).

For a party's failure to respond to discovery, Rule 37(d) authorizes the Court to take action including:

1.      Designating facts as established;

2.      Refusing to allow the disobedient party to support or oppose designated claims or defenses;

3.      Prohibiting the disobedient party from introducing designated matters in evidence;

4.      Striking pleadings or parts thereof;

5.      Staying further proceedings until an order is obeyed;

6.      Dismissing an action, proceeding or any part thereof; or

7.      Rendering a default judgment against the disobedient party; or

8.      Treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed.R.Civ.P. 37(d) (cross referencing sanctions identified in Rule 37(b)(2) (A))

5

Moreover, in lieu of any such order, or in addition thereto, the Court "must require the party failing to act, or the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3).  An award of expenses does not require a showing of wilfulness or improper intent; rather the standard is whether there was a substantial justification for the losing party's conduct.  *Id*. Even without a prior discovery order, discovery misconduct may be punished under the Court's "inherent powers" to manage its affairs.  *Uniguard Security Ins. Co. v. Lakework Eng. Mfg Corp.*, 982 F.2d 363, 368 (9th Cir. 1992).

Here, the Court has previously ordered Plaintiff to produce responses to Defendant's Request for Production of Documents, Set One, and imposed a monetary sanction of $350.00. Contrary to Plaintiff's assertions, the faxed documents he produced do not comply with the Federal Rules of Civil Procedure.  Plaintiff has not followed this Court's previous order, nor has he responded to Defendant's new discovery requests pursuant to the rules.  Additionally, Plaintiff failed to serve his initial disclosures.

In response to Plaintiff's noncompliance, Defendant has requested dismissal.  However, this Court will give Plaintiff *one* additional opportunity to litigate this case, as dismissal at this juncture is too severe given the circumstances.  As such, Plaintiff *shall* produce all of the requested discovery, without objection.  Notwithstanding the above, because Plaintiff has failed to establish that his noncompliance was substantially justified, additional monetary sanctions will be imposed. The Court notes that the previous $350.00 sanction was not an effective deterrent to Plaintiff's non-compliance. Accordingly, the Court will double that amount and impose an additional $700.00 sanction.  Plaintiff is again advised that he *must* familiarize himself with the Federal Rules of Civil Procedure and the Local Rules, as well as follow this Court's orders.

///

///

**CONCLUSION AND ORDER**

In light of the foregoing, the Court ORDERS as follows:

1.  MCUSD's motion to compel Plaintiff's initial disclosures, and his response to its Requests for Production of Document, Sets One and Two is GRANTED.  Plaintiff SHALL all produce documents responsive to these requests without objection, no later than **January 25, 2013**.  Plaintiff shall also serve his initial disclosures by **January 25, 2013;**

2.  Defendant's request for dismissal is DENIED.  However, Plaintiff SHALL pay monetary sanctions in the total amount of **$1,050.00** ($350.00 +$700.00) to Defendant MCUSD no later than **January 25, 2013.**  Defendant shall file a status report no later than **January 31, 2013,** outlining Plaintiff's compliance with the orders outlined above;

3.  A status conference is set for **February 25, 2013, at 10:00 a.m.**  All parties shall personally appear;

4.  Plaintiff's discovery requests are held in abeyance until the next status conference. Defendant need not produce any discovery until further order of this Court;

5.  The settlement conference currently scheduled on January 29, 2013 at 10:00 a.m., before the Honorable Sheila K. Oberto is VACATED ;

6.  **Plaintiff is advised that failure to comply with this order may result in the imposition of sanctions, including, but not limited to, additional monetary sanctions, contempt, exclusion of evidence at trial, and/or dismissal of this case.**

1    IT IS SO ORDERED.

2    **Dated:**   **January 18, 2013**                    /s/ **Gary S. Austin**
                                                   UNITED STATES MAGISTRATE JUDGE

8